IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| AMANDA DUCKWORTH, et al. | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Case No. 2:22-cv-054-JRG-RSP |
| TRACTOR SUPPLY COMPANY, | § § § | |
| *Defendant*. | § § § | |

## **MEMORANDUM ORDER**

Before the Court is the Motion to Transfer Venue by Defendant Tractor Supply Company. **Dkt. No. 7**. Defendant seeks an intra-district transfer from the Marshall Division to the Tyler Division pursuant to 28 U.S.C. § 1404(a). After consideration, the motion is **DENIED**.

**I.     BACKGROUND**

On February 15, 2022, Plaintiffs Amanda Duckworth and Dale Eldredge filed a complaint against Tractor Supply Company alleging claims based on a motor vehicle collision on U.S. Highway 79 in Panola County, Texas. Dkt. No. 1. Defendant is the employer of the driver of the vehicle alleged to be at fault in the accident.  Tractor Supply Company is based in Tennessee.  Its employee driver, Aaron Allen, died in the accident.  Plaintiffs reside in Panola County.

Defendant's motion is based entirely on the fact that Panola County is assigned to the Tyler Division.  However, divisional venue disappeared with the repeal of 28 U.S.C. §1393 in 1989.  The proper question under § 1404(a) is whether the relevant witnesses would find it clearly more convenient to appear for trial in Marshall or in Tyler.  That question is convincingly answered in Plaintiffs' Response. Dkt. No. 10 at 5-6.

1

## II.     LEGAL STANDARD

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). "A motion to transfer venue pursuant to § 1404(a) should be granted if the movant demonstrates that the transferee venue is clearly more convenient taking into consideration" the public and private factors. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (internal quotations omitted).

The plaintiff's choice of venue is entitled to some deference, however it is "not an independent factor." *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Id*.

### III. ANALYSIS

#### A. Proper Venue

There is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas. The threshold requirement for transfer under § 1404(a) has been met.

#### B. Private Interest Factors

The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6, 102 S. Ct. 252 (1981)).

First, the sources of documentary evidence are closest to the Marshall courthouse. The County seat of Panola County is Carthage, which is twice as far from Tyler as from Marshall. The investigating officers, the EMS first responders, and the Justice of the Peace who came to the scene, are all located in Carthage. The Court finds that this factor weighs in favor of the Marshall Division.

Second, the Court must consider the availability of compulsory process to secure the attendance of witnesses, particularly non-party witnesses whose attendance may need to be secured by a court order. *Volkswagen II*, 545 F.3d at 316. The parties have not identified witnesses that would be outside the subpoena power of either the Marshall or Tyler Divisions. Accordingly, this factor is neutral. *See* Dkt. No. 10 at 7; *see also* Dkt. No. 13 at 6–7.

Third, the convenience of the key witnesses may be the single most important factor for the Court to consider. *Durrett v. Walmart, Inc.*, No. 2:18-cv-00332-JRG, 2018 U.S. Dist. LEXIS 186618, *7 (E.D. Tex. Oct. 31, 2018); *see also Corbitt v. S. Refrigerated Transp., Inc.*, No. 2:06-cv-00330-LED, 2006 U.S. Dist. LEXIS 78761, *5, (E.D. Tex. Oct. 30, 2006) (internal quotation omitted) (citing *Fletcher v. S. Pac. Transp. Co.*, 648 F. Supp. 1400, 1401-02 (E.D. Tex. 1986)). The record shows that most of the key witnesses are located closer to Marshall than to Tyler.

Fourth, there are not any additional practicable problems. Practical problems include those that are rationally based on judicial economy. Defendant argues that its attorneys are inconvenienced because they practice in Dallas. However, the convenience of counsel is not given significant weight in the transfer analysis.

**C.      Public Interest Factors**

The public interest factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Volkswagen II*, 545 F.3d at 315.

First, the parties agree there are no known administrative difficulties flowing from Court congestion. This factor is neutral.

Second, the "local interest" factor is neutral. Defendants argue that the accident happened in the Tyler Division, but as pointed out above, the accident happened far closer to Marshall than to Tyler. Accordingly, this factor is neutral.

Third, the parties agree that the "familiarity" with the law factor should be neutral.

Fourth, the parties agree that the "conflicts of law" factor should be neutral.

4

IV.     CONCLUSION

The Court finds that Defendant has not shown that the Tyler Division is clearly more convenient than the Marshall Division. The Motion is **DENIED**.

**SIGNED this 8th day of June, 2022.**

                                             ROY S. PAYNE
                                             UNITED STATES MAGISTRATE JUDGE